UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PETER A. TAYLOR,            )
                            ) NO. CV-06-2470-LRS
        Petitioner,         )
                            ) **ORDER DENYING**
    v.                      ) **§2254 PETITION**
                            )
T.L. CAREY,                 )
                            )
        Respondent.         )
_____)

## I. BACKGROUND

Petitioner is in the custody of the California Department of Corrections and Rehabilitation (CDCR) pursuant to a conviction for aggravated mayhem with a firearm.[1] On September 11, 1989, he was sentenced to an indeterminate life term of imprisonment with the possibility of parole.[2] He challenges a decision of the California Board of Prison Terms (now the Board of Parole Hearings) finding him

---

[1] A person is guilty of aggravated mayhem when he unlawfully, under circumstances manifesting extreme indifference to the physical or psychological well-being of another person, intentionally causes permanent disability or disfigurement of another human being or deprives a human being of a limb, organ, or member of his or her body. Cal. Penal Code § 205.

[2] An individual sentenced to an indeterminate sentence may serve up to life in prison, but becomes eligible for parole consideration after serving a minimum term of confinement. Petitioner was required to serve a minimum term of seven years and hence, he first became eligible for parole in September 1995. (Ex. B to Ct. Rec. 10 at p. 1).

**ORDER DENYING
§2254 PETITION -          1**

unsuitable for parole following a parole consideration hearing on March 15, 2004.[3]

Following the denial by the Board of Parole Hearings (BPH), Petitioner sought habeas corpus relief in the California state courts. On May 6, 2005, the San Francisco County Superior Court entered a decision denying habeas relief. Petitioner appealed to the California Supreme Court which, on June 21, 2006, entered an order summarily denying the habeas petition. On November 7, 2006, Petitioner filed a 28 U.S.C. Section 2254 petition contending the BPH violated his Fourteenth Amendment due process rights by denying him parole on March 15, 2004. Petitioner and Respondent agree that Petitioner's claim can be resolved via the written record and that an evidentiary hearing is not necessary.

## II.  DISCUSSION

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[3] It appears Petitioner had three parole consideration hearings prior to the hearing in March 2004. (Ex. B to Ct. Rec. 10 at pp. 18-19). That Petitioner has had parole hearings subsequent to his March 2004 hearing does not render moot his habeas petition. Subsequent hearings do not necessarily cure defects that occurred at a prior hearing. *Hodge v. Carey*, 2007 WL 163247 at *3 (E.D. Cal. Jan. 18, 2007). It appears Petitioner was also denied parole in a July 2006 hearing, a denial which he has also challenged in state and federal courts. (See CV-08-1194-GEB-DAD commenced in E.D. of Cal. on May 30, 2008). Public records indicate Petitioner had another suitability hearing in July 2008. It is assumed that Petitioner was not granted parole and therefore that the captioned matter has not been rendered moot.

**ORDER DENYING**
**§2254 PETITION -           2**

proceedings. 28 U.S.C. § 2254(d).

Under Section 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

Under the "unreasonable application" clause of § 2254(d)(2), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412. The court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). In the captioned matter, the last reasoned state court decision is the May 6, 2005 decision of the San Francisco County Superior Court. (Ex. F to Ct. Rec. 10).

The BPH is the executive agency authorized to grant parole and set release dates for prisoners serving life sentences. Cal. Penal Code § 3040. Section 3041 of the Penal Code provides prisoners sentenced in California to a state prison term that provides for the possibility of parole with a "constitutionally protected liberty interest in the receipt of a parole release date, a liberty interest that is protected by the procedural safeguards of the Due Process Clause." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007). It has been clearly established by the United States Supreme Court "that a parole board's decision deprives a prisoner of due process

**ORDER DENYING
§2254 PETITION -              3**

with respect to this interest if the board's decision is not supported by 'some evidence in the record,'" *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006), citing *Superintendent v. Hill*, 472 U.S. 445, 457, 105 S.Ct. 2768 (1985), or is otherwise "arbitrary." *Hill*, 472 U.S. at 457. The main concern in determining parole suitability is public safety. *In re Dannenberg*, 34 Cal.4th 1061, 1080, 1084-86, 23 Cal.Rptr.3d 417, 104 P.3d 783, *cert. denied*, 546 U.S. 844, 126 S.Ct. 92 (2005).

California law requires the Board "determine whether a prisoner is presently too dangerous to be deemed suitable for parole based on the 'circumstances tending to show unsuitability' and the 'circumstances tending to show suitability' set forth in Cal. Code. Regs., tit. 15 § 2402(c)-(d)." *Irons*, 479 F.3d at 662-63. The regulations are described as follows:

> [T]he circumstances tending to show that a prisoner is unsuitable include: (1) the commitment offense, where the offense was committed in an "especially heinous, atrocious or cruel manner"; (2) the prisoner's previous record of violence; (3) "a history of unstable or tumultuous relationships with others"; (4) commission of "sadistic sexual offenses"; (5) "a lengthy history of severe mental problems related to the offense"; and (6) "serious misconduct in prison or jail." Cal. Code Regs., tit. 15 § 2402(c). Circumstances tending to show that a prisoner is suitable for parole include: (1) the prisoner has no juvenile record; (2) the prisoner has experienced reasonably stable relationships with others; (3) the prisoner has shown remorse; . . . (6) the prisoner lacks any significant history of violent crime; . . . (8) the prisoner "has made realistic plans for release or has developed marketable skills that can be put to use upon release"; (9) "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Cal Code. Regs., tit. 15 § 2402(d).

*Irons*, 479 F.3d at 663 n. 4.

In denying Petitioner's petition for state habeas relief, the San Francisco County Superior Court concluded as follows:

> The statements of the Board members reveals [sic] that petitioner was denied parole because of the character of the crime itself, his failure to have a solid plan for employ-

**ORDER DENYING**
**§2254 PETITION -          4**

ment or education once he was paroled, his lack of participation in self-help programs, a record of discipline while in prison, his criminal history and his unstable background. Furthermore, one member felt his main problem was his attitude, feeling that petitioner did not listen to the Board's questions or suggestions. Based on the transcript of the hearing, it appears petitioner was given a fair hearing and the denial was based on "some evidence."

(Ex. F to Ct. Rec. 10 at p. 3).

Based on its own independent review of the transcript, this court concurs with the superior court's conclusion that there was "some evidence" to support the Board's decision. The superior court's decision was neither contrary to clearly established Supreme Court precedent, nor was it an unreasonable application of that law to the facts of Petitioner's case. Accordingly, federal habeas relief is not available to Petitioner.

In it oral decision announced at the March 15, 2004 hearing, the Board noted that Petitioner's crime of conviction had been committed in a "cruel and callous" manner in that the victim was shot in the scrotum while standing in a public street with the result being he lost one of this testicles, and the other testicle had to be reconstructed; that Petitioner had a significant juvenile criminal record which included an assault on a peace officer and a battery; Petitioner had a history of unstable or tumultuous relationships, as evidenced by his parents placing him in a boys' home and the Petitioner being declared a ward of the court; Petitioner had not successfully completed prior periods of probation supervision; and he did not have sufficiently concrete plans for education or employment if placed on parole. (Ex. B to Ct. Rec. 10 at pp. 16, 48-51).

Petitioner specifically takes issue with the Board's ordering of a new psychological report for the Petitioner, and its determination that Petitioner needed to complete a substance abuse program. Citing Cal. Penal Code § 5068.5(b), Petitioner contends the Board did not have the legal authority to order a new

**ORDER DENYING  
§2254 PETITION -            5**

1  psychological report and asks this court to take judicial notice of a March 27, 2006
2  psychological report (Ex. 2 to Ct. Rec. 1at pp. 11-14) which concludes that "his
3  risk of dangerousness in the wider society" is "barely negligible," and there are
4  "no indications" of "drug use" on his part, notwithstanding that he had acted as a
5  drug dealer prior to his incarceration.  Obviously, the March 2006 psychological
6  report was not available to the Board when it rendered its decision in March 2004.
7  Accordingly, that report cannot be cited as evidence that the Board acted in an
8  arbitrary and capricious fashion.  Furthermore, Cal. Penal Code § 5068.5 pertains
9  to "persons employed or under contract to provide mental health services,
10 supervision or consultation on such services."  A Board commissioner is not such
11 a person and therefore, this particular statute does not in any way constrain a
12 commissioner from ordering a psychological report to assess the suitability of an
13 inmate for parole.  Moreover, the fact the Board ordered a new psychological
14 report does not in any way detract from the fact that "some evidence" supported
15 the Board's decision to deny parole.

16      Petitioner contends the Board's reliance on his conviction offense and his
17 juvenile criminal record renders its decision arbitrary because these are
18 "unchanging" factors.  "[C]ontinued reliance in the future on an unchanging
19 factor, the circumstance of the offense and conduct prior to imprisonment, runs
20 contrary to the rehabilitative goals espoused by the prison system and **could** result
21 in a due process violation." *Biggs v. Terhune*, 334 F,3d 910, 917 (9th Cir. 2003)
22 (emphasis added).  It is clear here that the Board did not rely solely on Petitioner's
23 conviction offense and his juvenile criminal record, but on other factors as well.
24 Although Petitioner makes much of the fact he was only 18 years old at the time of
25 the conviction offense, the fact is that he was an "adult" in the eyes of the law.
26 The Board was aware of Petitioner's age at the time of his conviction offense as
27 reflected by the remarks of Board members at the hearing regarding whether
28

**ORDER DENYING**
**§2254 PETITION -           6**

Petitioner had matured sufficiently during his incarceration.  The Board acknowledged that Petitioner had made progress in some areas (i.e., fewer disciplinary infractions while incarcerated, psychological improvement), but that he still needed to continue to improve by remaining infraction-free and participating in self-help and vocational programs.  (Ex. B to Ct. Rec. 10 at pp. 53-56).[4]

### III.  CONCLUSION

"Some evidence" supported the Board's March 15, 2004 decision to deny parole.  The superior court's decision finding the same was neither contrary to clearly established Supreme Court precedent, nor was it an unreasonable application of that law to the facts of Petitioner's case.

Petitioner's §2254 petition (Ct. Rec. 1) is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this order and forward a copy to the Petitioner and to counsel for the Respondent.  Judgment shall be entered accordingly.

**DATED** this    8th    day of January, 2009.

*s/Lonny R. Suko*
LONNY R. SUKO
United States District Judge

---

[4] In his "Traverse (Ct. Rec. 11)," Petitioner asserts he has participated in numerous vocational, educational, and self-help programs, and has participated in every available self-help program in C.S.P.-Solano level 3 and every available self-help program in Level 2.  All of the exhibits Petitioner offers in support of that assertion, however, date from 2006, well after the denial of parole in March 2004, which is at issue here.

**ORDER DENYING**
**§2254 PETITION -**          7